

# Fourth Court of Appeals
## San Antonio, Texas

June 1, 2022

No. 04-22-00285-CR

Elijah Walter **JOHNSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR1061
Honorable Catherine Torres-Stahl, Judge Presiding

# O R D E R

Appellant Elijah Walter Johnson seeks to appeal the trial court's judgment of conviction. A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The record shows the trial court imposed sentence in accordance with the agreement on February 28, 2022. Because Johnson did not file a motion for new trial, his notice of appeal was due by March 30, 2022 or a notice and motion for extension of time was due fifteen days later. *See* TEX. R. APP. P. 26.2(a)(1), 26.3. Johnson did not file his notice of appeal until April 27, 2022, and he did not file a motion for extension of time. *See id.* R. 26.3.

The record also shows Johnson entered into a plea bargain with the State pursuant to which he pleaded nolo contedere to the offense of theft under $2500 enhanced. The record includes the trial court's Rule 25.2(a)(2) certification stating "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d). The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* R. 25.2(a)(2). The record also appears to support the trial court's certification that Johnson does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Having reviewed the record, it appears the notice of appeal was untimely filed and Johnson does not have the right to appeal. We therefore **order** Johnson to file a response, **by**

**July 1, 2022**, establishing: (1) the notice of appeal was timely filed **and** (2) an amended certification showing he has the right to appeal has been made part of the appellate record. *See id.* TEX. R. APP. P. 25.2(d), 37.1; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

If a supplemental clerk's record is required to show the appeal is timely and Johnson has the right to appeal, Johnson must request a supplemental record from the trial court clerk and file a copy of the request with this court. If appellant fails to satisfactorily respond to this order within the time provided, the appeal will be dismissed.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 1st day of June, 2022.

_____
MICHAEL A. CRUZ, Clerk of Court